## EDENFIELD v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit.
October 26, 1925.)

No. 4580.

Conspiracy ⊕⟂48—Instruction that conspiracy could be found from particular evidence held not erroneous.

Instruction that evidence that one defendant furnished another copper and materials for making a still, and sugar and meal for manufacture of liquor, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), if believed, would warrant finding of conspiracy, held not erroneous, as instruction that mere sale of described materials to persons who had conspired to violate law would make seller a co-conspirator.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

E. A. Edenfield was convicted of conspiracy to violate the National Prohibition Act, and he brings error. Affirmed.

Frank H. Saffold, of Swainsboro, Ga., and John D. Kirkland and T. H. Kirkland, both of Metter, Ga., for plaintiff in error.

F. G. Boatright, U. S. Atty., of Cordele, Ga., Chas. L. Redding, Asst. U. S. Atty., of Savannah, Ga. (B. S. Deaver, Asst. U. S. Atty., of Macon, Ga., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. The indictments in these cases charge conspiracies to manufacture intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The evidence for the government tended to show that plaintiff in error furnished to his codefendants copper and other materials to be used in making a still, as well as sugar and meal to be used in the manufacture of liquor.

One of the charges of the court was to the effect that this evidence, if believed, was sufficient to authorize the jury to infer a conspiracy between plaintiff in error and his codefendants to commit the offenses alleged. The assignments of error are based solely on this charge, to which it is sought to give the construction that the mere sale of the described materials to others, who had conspired to violate the law, was sufficient to make the seller a co-conspirator. Clearly the charge will not bear that interpretation, and was proper, because it merely authorized the jury to infer an agreement to do what was actually done.

The judgments are affirmed.

*Rehearing denied December 14, 1925.